

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2007R01328

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 3, 2009

**VIA ECF**
The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>     Re:  United States v. Ralph Cioffi and Matthew Tannin
>          Criminal Docket No. 08-415 (FB)

Dear Judge Block:

The government writes to address certain questions the Court raised about the jury charge.  Specifically, we address the questions (1) whether, with respect to Counts Two and Three, to charge the jury with instructions about "schemes to defraud" or "engaging in acts, practices or courses of business that operated as a fraud or deceit upon a purchaser or seller," and (2) whether materiality should be charged from the perspective of the reasonable investor or the reasonable "hedge fund" investor.

First, with respect to the securities fraud counts, the government requests that the jury be charged in a manner consistent with the statute and with the indictment in the case.  That is to say, that all three types of possible unlawful conduct should be presented to the jury: (a) device, scheme or artifice to defraud; (b) untrue statements; and (c) acts practices and courses of business to defraud.  Certainly, the statute is drafted in the disjunctive, and the jury should be instructed accordingly.

The evidence in the case supports the jury finding all three kinds of conduct.  The most cursory review of the evidence in the case demonstrates this.  For instance, the jury may find that the defendants' strategic decisions for Tannin to inform investors that there was plenty of liquidity in the Funds and "buying opportunities" in the markets while, at the same time, Cioffi was turning down all sorts of "buying opportunities" from purveyors of assets to

build much needed liquidity is more akin to a "scheme to defraud" rather than an untrue statement. Additionally, the jury may find that, after Cioffi's lie about redemptions being only "a couple of million," the defendant Tannin's efforts to "tweak" the response to Concord could be deemed by the jury an "artifice to defraud." Similarly, the jury may find that by mass e-mailing the sales staff and brokers at Bear Stearns (rather than investors themselves) about his false intention to invest additional money in the Funds was part of a "course of business" to defraud investors rather than an "untrue statement" to an investor. Of course, in this case there were legion other lies and patterns of deceptive conduct that the government will marshal for the jury during its summations.

As reflected in the Model Jury Instructions by Judge Sand, courts routinely charge all three prongs of the securities fraud statutes and permit the jury to decide which, if any, types of conduct were proved. See Sand et al., Modern Federal Jury Instructions (2008), Instr. 57-20. Make no mistake, the government believes that all these acts fulfill each and every prong of the securities fraud statute – but it should be left to the jury to decide. Of course they only need to find one prong satisfied, and it is best left to the jury to decide what type of conduct was proven.

Second, there is no basis in the law to inject a "reasonable hedge fund investor" standard into the materiality element of either the securities fraud or wire fraud counts. Even in cases involving hedge funds, courts have crafted the materiality standard from the perspective of a "reasonable investor." For instance, in Bruhl v. Price WaterhouseCoopers Int'l., 257 F.R.D. 684 (S.D. Fla. 2008), a hedge fund manager was sued for fraudulently inflating NAV statements for his fund. The court's analysis focused on whether these false statements of NAV would "affect a reasonable investor's decision either to remain invested in the Funds or to redeem one's investment." 257 F.R.D. at 696. Notably, in Bruhl, the court also observed that the hedge fund managers were "corporate insiders, who have by virtue of their position as [] Directors, a duty to disclose material facts which are known to them but which are not known to persons with whom they deal and which, if known, would affect their investment judgment." Id. at 698.

Also, in civil enforcement actions by the Securities and Exchange Commission, courts have found that the relevant standard for materiality for hedge fund

investors is whether a fact, "viewed by the reasonable investor, [would have] significantly altered the 'total mix' of information made available." S.E.C. v. Trabulse, 526 F. Supp. 2d 1008, 1013 (N.D. Ca. 2007)(citing Basic Inc. V. Levinson, 485 U.S. 224, 231-32 (1988)).

      Even cases decided after the defendants' oft-cited Goldstein opinion take the view that the proper standard for evaluating materiality of fraudulent statements to hedge fund investors is from the perspective of the "reasonable investor". See S.E.C. v. Seghers, 298 Fed. Appx. 319, 333 (5th Cir. 2008) ("[t]here was evidence to support findings that Seghers made statements that would mislead a reasonable investor and he made omissions that would have the effect of misleading investors."); S.E.C. v. Lauer, 2008 U.S. Dist. LEXIS 73026, No. 03-80612, at *76 (S.D. Fla. September 24, 2008) (evaluating materiality of fraud against hedge fund investors from the perspective of the "reasonable investor" and noting that, as the portfolio manager of his hedge fund, the defendant owed a fiduciary duty to his investors).  The government has not identified a single case that injects a heightened materiality standard for investors in hedge funds.  As stated in court – there are rich smart people and poor smart people; there are rich gullible people and poor gullible people.  The level of someone's wealth should not govern how they are protected under the law.

                                   Respectfully submitted,

                                   BENTON J. CAMPBELL
                                   UNITED STATES ATTORNEY

                By:      /s/
                                   James G. McGovern
                                   Ilene Jaroslaw
                                   Patrick Sean Sinclair
                                   Brian Sano
                                   Assistant U.S. Attorneys

cc:  Margaret Keeley, Esq.
     Mary Ann Sung, Esq.