UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No. 1:08CR415 (FB) |
| RALPH CIOFFI and MATTHEW TANNIN. | ) ) ) ) ) | November 3, 2009 |

**RALPH CIOFFI'S MOTION TO PRECLUDE IMPROPER ARGUMENTS DURING CLOSING STATEMENTS**

Defendant Ralph Cioffi hereby respectfully moves to preclude the government from presenting argument regarding the following allegations that, as a matter of law, fail to support any of the charges in the Indictment:

- The allegations that (1) Mr. Cioffi failed to get approval from Bear Stearns Asset Management ("BSAM") before pledging his hedge fund account to Busey Bank, or (2) Mr. Cioffi and Mr. Tannin lied to Busey Bank. These allegations are improper under Federal Rule of Evidence 404(b), see Docket Nos. 179, 227, incorporated herein; are irrelevant to the government's theory that the pledge provided motive for Mr. Cioffi to transfer a portion of his personal investment in the Enhanced Fund to the Structured Risk Fund, see Docket No. 179, 227, incorporated herein; constitute a constructive amendment of the Indictment and violate Mr. Cioffi's constitutional rights under the Fifth Amendment, see Docket No. 227; and run a very serious risk of confusing the jury into thinking that the charges Messrs. Cioffi and Tannin face relate to a fraud on BSAM or Busey Bank, see Docket No. 227. Any argument concerning Busey Bank should be limited solely to the fact of the pledge itself, and any alleged link between the fact of the pledge and the government's motive theory.

- The allegation that Ralph Cioffi told Robert Klein on or about April 30, 2007 that there were "net subscriptions." <u>First</u>, this alleged misrepresentation is contained neither in the Indictment nor the government's bill of particulars letter of May 8, 2009. <u>Second</u>, as Mr. Klein conceded in response to the Court's questions, he had determined to redeem before the call of April 30, 2007, and nothing Mr. Cioffi said on that call would have made a difference to him. Tr. 2215; Tr. 2219. Accordingly, the alleged misrepresentation could not have been material.

- The allegation that Mr. Tannin told Benjamin Schliemann of Accumulus Capital that he and Mr. Cioffi had approximately 40% of their non-real-estate net worth in the Funds. Mr. Schliemann testified that he put in a redemption notice for the Enhanced Fund as a result of "discomfort" with the fund's performance. Tr. 2368. And like Mr. Klein, Mr. Schliemann was quite clear that Mr. Tannin's representations regarding his and Mr. Cioffi's "skin in the game" did not mean much to him, nor did they deter him from redeeming. Tr. 2367–68. Accordingly, the alleged misrepresentation could not have been material.

- The allegation that a misrepresentation regarding the amount of partner capital invested in the hedge funds was made during an April 18, 2007 meeting with Brant Behr of Concord. There is no evidence tying this alleged misrepresentation to either Mr. Cioffi or Mr. Tannin. Rather, Mr. Behr testified that he could not recall who made the alleged statement, Tr. 1439, and Mr. Kerr testified that it was the type of

statement *he* would have made, and that he would not have made it in the presence of either Mr. Cioffi or Mr. Tannin. Tr. 1765-66. Moreover, Mr. Kerr affirmed that this was information that would have come from the "back office" of Alternative Fund Services, not from Mr. Cioffi or Mr. Tannin. Tr. 1758-59.

- The allegation that Mr. Cioffi made a misrepresentation when he purportedly told Mr. Howard Brown that Mr. Cioffi was "staying with it." Tr. 208-209; Tr. 240. The record evidence establishes conclusively that this statement was true: "After April 1, 2007, Mr. Cioffi made no additional redemptions, investments or transfer of his investment in the Enhanced Leverage Fund or the High Grade Fund." GX 554 at 5 (Stipulation).

- The allegation that Mr. Cioffi made misrepresentations when he purportedly: (1) told Messrs. Shelley Bergman and Jason Bunin that he had $5.5 million invested in the Enhanced Fund and that there were no redemptions in the Funds at a meeting on May 10, 2007, and (2) informed George Buxton in an email dated April 24, 2007 that "we are quite comfortable with what our prospects are going forward – and I think that we may be in the midst of an opportunity to see again the results we had in 2003 and 2004," GX 60. There is no evidence that any of Mr. Bergman's clients invested in the Funds after May 10th (let alone that Mr. Bergman or Mr. Bunin even conveyed the alleged statement to any client), nor is there any evidence that Mr. Buxton relayed the April 24th statement to anyone other than Fix—who did not invest after that date. It is settled law in this Circuit that a misrepresentation that merely induces a decision

3

*not to sell* securities is not "in connection with the purchase or sale of a security."[1] See Motion for Judgment of Acquittal filed by Ralph Cioffi (11/2/09). Accordingly, these purported misrepresentations are irrelevant as a matter of law.

- The allegation that Mr. Cioffi acted improperly by failing to disclose to investors Mr. Cioffi's partial transfer of his investment to the Structured Risk Fund or that there had been internal discussions regarding closing down the High Grade Fund or consolidating the High Grade and Enhanced funds,[2] particularly by relying on the testimony of investors that they "would like to have known" such information. See, e.g., Tr. 495:15–25; Tr. 496:5–22; Tr. 693:23–694:7; Tr. 695:18–19; Tr. 696:6–10; Tr. 946:3–9; Tr. 1437:21–24; Tr. 2247:25–2248:7. Even if such information were material, criminal liability for an omission cannot attach absent a *legal duty to disclose* the omitted information to investors—no matter how badly they may have wanted to know it. See Motion for Judgment of Acquittal filed by Ralph Cioffi (11/2/09).

---

[1] The government should be precluded from presenting argument regarding any alleged misrepresentations to Mr. Klein, Mr. Schliemann, Mr. Behr, and Mr. Brown as well because the alleged representations were not in connection with any purchase of securities by these individuals or their clients—none invested on or after the date of the alleged misrepresentations.

[2] In addition, the alleged "omissions" concerning internal fund deliberations are not among the list of allegedly fraudulent statements or activities contained in either the Indictment or the government's May 8, 2009 particulars letter.

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

        By:    /s/ Margaret A. Keeley
               Brendan V. Sullivan, Jr.
               Dane H. Butswinkas
               R. Hackney Wiegmann
               Margaret A. Keeley

               725 Twelfth Street, N.W.
               Washington, D.C. 20005
               (202) 434-5000 (phone)
               (202) 434-5029 (fax)
               mkeeley@wc.com (e-mail)

               *Attorneys for Ralph Cioffi*

Dated: November 3, 2009

**CERTIFICATE OF SERVICE**

I, Margaret A. Keeley, counsel for defendant Ralph Cioffi, hereby certify that on November 3, 2009, I caused a copy of Defendant Ralph Cioffi's Motion to Preclude Improper Arguments During Closing Statements to be served on the following attorneys through the ECF filing system for the Eastern District of New York.

> Patrick Sean Sinclair
> United States Attorneys Office
> Eastern District of New York
> 271 Cadman Plaza East
> Brooklyn, NY 11201
>
> Nina Minard Beattie
> Brune & Richard LLP
> 80 Broad Street
> 30th Floor
> New York, NY 10004

        Respectfully submitted,

        /s/ Margaret A. Keeley
        Margaret A. Keeley

Dated:  November 3, 2009