# BRUNE & RICHARD LLP

80 Broad Street
New York, New York 10004
(212) 668-1900 phone
(212) 668-0315 fax
www.bruneandrichard.com

New York ♦ San Francisco

June 4, 2010

**BY EMAIL AND HAND DELIVERY**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States* v. *Ralph Cioffi and Matthew Tannin*, 08 Cr. 415 (FB)

Dear Judge Block:

      Matthew Tannin, by his undersigned counsel, makes this application to the Court for an Order pursuant to Federal Rule of Criminal Procedure 6(e)(2) disqualifying Brian Sano from acting as trial counsel in *SEC* v. *Cioffi and Tannin*, 08 Civ. 2457 (FB) (VVP). If, and only if, the government can meet its burden of demonstrating a particularized need for Mr. Sano's disclosure of grand jury information to the SEC, then the government should disclose to the defense, pursuant to Rule 6(e)(3)(E)(i), all grand jury materials relating to *U.S.* v. *Cioffi and Tannin*, 08 CR 415 (FB), including transcripts of grand jury testimony and FBI and attorney notes of witness proffers and witness interviews, for use in the SEC matter. Mr. Tannin's codefendant Ralph Cioffi joins in this application.

      In a letter dated May 25, 2010, the SEC stated its intention to have Mr. Sano, who was a Special Assistant United States Attorney in the criminal case, join the SEC trial team by June 5, 2010. According to the SEC, this Court had "expressly removed" any impediment to having Mr.

June 4, 2010
Page 2

Sano work on the SEC civil case by its May 11, 2010 order granting the government's application to disclose to the SEC certain limited grand jury material. We disagree.

The Court's May 11 order does not even mention Mr. Sano, much less "expressly" authorize him to join the SEC case. Rather, the Court's order granted the government's application to provide to the SEC only the limited grand jury materials that already had been disclosed to defendants in the criminal case on the ground that it was necessary to level the playing field in the SEC case. That application made no mention of Mr. Sano. Having Mr. Sano join the trial team in the civil SEC case, however, would be tantamount to a complete disclosure to the SEC of all materials and information subject to grand jury secrecy in the criminal case. Far from leveling the playing field, absent disqualification or disclosure, the result would be a substantial and improper information imbalance leading to substantially more unfairness than what the government described in its application. The only way to overcome the prejudicial and unfair advantage that Mr. Sano would bring to the SEC case if he were allowed to participate in the trial and communicate with the other SEC attorneys would be to provide the defendants with access to every piece of grand jury information that Mr. Sano obtained by virtue of his role as a special prosecutor.

Accordingly, to the extent the SEC wishes to have Mr. Sano as part of its civil litigation team notwithstanding his obligation to maintain grand jury secrecy under Rule 6(e), the defendants are entitled to the full range of grand jury information Mr. Sano reviewed, discussed, or accessed. That information includes FBI and attorney notes of all witness or subject interviews and all grand jury transcripts that were not previously disclosed.

Factual Background

During a discovery conference in the SEC case on December 9, 2009, Jack Worland, counsel for the SEC, informed Magistrate Judge Pohorelsky and defendants' counsel that the United States Attorney's Office intended to apply to the Court for an order "lifting" the Rule 6(e) restrictions such that "the Grand Jury material *all* [will] be made available" to all sides in the SEC case and therefore permitting Mr. Sano, the "only . . . SEC attorney who had access to the Grand Jury materials" to join the SEC trial team. (Dec. 9, 2009 Hrg. Tr. at 8-9 (a copy of which is attached hereto as Exhibit A) (emphasis added).) As Mr. Worland explained, Mr. Sano felt that the Rule 6(e) restrictions would need to be removed "before he started communicating with [the SEC]." (Tr. at 7.)

On January 21, 2010, the United States Attorney's Office filed a sealed application. On January 28, 2010, after the SEC told us that the government had made an application related to Mr. Sano, we requested that the Court unseal the application, a request that the Court granted on February 19, 2010. (A copy of the government's application is attached hereto as Exhibit B.)

The government's application, filed under Rule 6(e)(3)(E)(i), sought an order permitting disclosure of certain specified grand jury documents – telephone records and transcripts of grand jury testimony for Warren Spector, Rich Marin, and Adam Kugler – already disclosed to the defense in the criminal case. In its application, though, the government indicated that those three witnesses were not the only witnesses to have testified before the grand jury. (*See* Ex. B at 3) ("During the investigation, *several* witnesses testified before the grand jury, *including* [Warren Spector, Richard Marin, and Adam Kugler]." (Emphasis added).) According to the government, the need for disclosure of these "grand jury documents" was based on the unfairness that would

arise if the SEC was prevented from having the use of materials that the defendants had received in the criminal case. (*Id.* at 5.)

On March 5, 2010, we wrote to the Court, stating that defendants had no objection to the disclosure of the particular grand jury materials that were identified in the application. We expressed our concern, however, that the SEC had characterized the application as one permitting Mr. Sano to be part of the SEC's trial team and yet he was nowhere mentioned in the application. We requested an opportunity to address the question of Mr. Sano's joining the SEC team, if and when such an application was actually made. (A copy of the letter is attached as Exhibit C.)

On May 11, 2010, the Court granted the government's application for disclosure of the specified grand jury materials, by signing the proposed order that accompanied it. (A copy of the order is attached as Exhibit D.) Like the application that it accompanied, Mr. Sano was not mentioned in the order.

During a discovery conference in the SEC case on May 13, 2010, the SEC informed Magistrate Judge Pohorelsky that this Court had issued an order authorizing Mr. Sano to participate in the SEC case. We disputed the SEC's characterization of the Court's order and put the SEC on notice, again, in an email sent later that day, of our position. (The May 13, 2010 email is attached as Exhibit E.) On May 25, 2010, Mr. Worland asserted to us by letter that any impediment to Mr. Sano's participation was "expressly removed" by the May 11 order and that the SEC intended to proceed with his participation after June 4, 2010. (A copy of the letter is attached as Exhibit F.)

Discussion

The SEC's assertion that the May 11 order "expressly removed" the Rule 6(e) impediments is at odds with the government's application and the order entered based on that application. The application was all very formal seeming, but it did not begin to seek the relief that would have been necessary to accomplish the SEC goal of having Mr. Sano properly added to the SEC team. The government's application was by its terms limited. And, in contrast to the SEC's assertion to the Magistrate Judge that the government's application would make *all* grand jury material available to both sides, the government requested disclosure to the SEC of only a limited set of documents that the defense had already received. The application makes plain the government's intention to maintain grand jury secrecy, except for what was specifically identified and had already been disclosed to defendants in the criminal case.

**Mr. Sano Should Be Disqualified from Joining the SEC Trial Team**

The Supreme Court has consistently held that "[n]o disclosure of grand jury materials for civil use should be permitted without a court order." *U.S.* v. *Sells Eng'g, Inc.*, 463 U.S. 418, 440 (1983); *see also id.* at 438 (explaining that debate on the 1977 amendment to Rule 6(e) was focused on concerns over disclosure of grand jury materials to regulatory agencies outside the Department of Justice in order to pursue civil investigations); *Cohen* v. *Comm'r*, Dkt Nos. 4290-69, 3614-70, 3927-71, 6145-72, 7823-74, 6244-75, 1981 WL 15302, at *6 (U.S. Tax. Ct. July 2, 1981) (Idea "that information obtained from the perusal of material in the possession of a grand jury may be used for the purpose of a civil proceeding is in direct conflict with the policy of secrecy of grand jury proceedings.").

In a civil matter, an attorney who lawfully had access to information through the grand jury is barred from disclosing such information to others who are not authorized to have access

to it. *U.S.* v. *John Doe, Inc. I*, 481 U.S. 102, 108, 111 (1987) (holding, however, that Rule does not prohibit such an attorney from "a solitary reexamination of material in the privacy of an attorney's office"). Any use or review of grand jury materials lawfully in an attorney's possession must be conducted in such a manner that it "does not involve any further disclosure to others." *Id.* at 111; *see also DiLeo* v. *Comm'r of Internal Revenue*, 959 F.2d 16, 21 (2d Cir. 1992) (concluding no improper conduct occurred where IRS Special Agent, who had limited role in subsequent tax court proceedings, had not disclosed any Rule 6(e) information to the IRS). This prohibition includes disclosure to other government or agency attorneys, outsiders, and the public. *See Doe, Inc. I,* 481 U.S. at 110.

Here, as a Special AUSA on the criminal case, Mr. Sano undoubtedly had broad access to a host of materials shrouded in grand jury secrecy under Rule 6(e). Even if he tried, it is inconceivable that Mr. Sano could litigate the civil SEC case without disclosing this protected information to Mr. Worland and other SEC attorneys or to third parties in the course of the litigation. The SEC conceded as much when it explained on the record that Rule 6(e) would need to be lifted and all grand jury materials become available to both sides in order for Mr. Sano to "communicate" with the other SEC attorneys without violating Rule 6(e).

Thus, the SEC or the United States Attorney's Office is obligated to seek permission from this Court under Rule 6(e) prior to having Mr. Sano join the SEC trial team and communicate with them. *See Doe, Inc. I*, 481 U.S. at 111 ("The Department of Justice properly recognized that under our holding in *Sells* it could not disclose information to previously uninvolved attorneys from the Civil Division or the United States Attorney's office without a court order pursuant to Rule 6(e)(3)(C)(i)."). Indeed, "[i]f the work product of a grand jury is funneled to a government agency for civil use because it happens to have an interest in the

subject matter, the grand jury process has been abused." *Cohen*, 1981 WL 15302, at *6 (holding that disclosure by prosecutors and IRS special agents to the IRS of grand jury material and information absent proper court order under Rule 6(e) was a breach of grand jury secrecy) (citing *In re Grand Jury Investigation*, 414 F. Supp. 74, 76 (S.D.N.Y. 1976)).

The SEC, however, has failed to take the necessary first step of obtaining the Court's permission for the broad relief it seeks. It almost surely cannot make the requisite showing of particularized need for a blanket request for all information and materials to which Mr. Sano had access. *See Doe, Inc, I*, 481 U.S. at 115 ("[W]hen the Government requests disclosure for use in an actual adversarial proceeding, this factor (as well as the others) may require a stronger showing of necessity."). To obtain disclosure for use in a civil matter under Rule 6(e)(3)(C)(i), a party must show a particularized need for the grand jury material by demonstrating "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and *that their request is structured to cover only material so needed.*" *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) (emphasis added).

In *SEC v. Everest Mgmt. Corp.*, the SEC's Rule 6(e) application to allow an SEC attorney "to disclose . . . 'information he learned while assisting the United States attorney in the conduct of the grand jury investigations,'" was denied despite the SEC's claim that the information requested was "absolutely necessary to the prosecution of the civil action." 87 F.R.D. 100, 105 (S.D.N.Y. 1980) (also denying wholesale disclosure of grand jury transcripts). In the face of a blanket request to disclose information learned without a "showing of any sort what information [the attorney] seeks to disclose," the court concluded that it "cannot balance the need for disclosure against the consequences, if any, disclosure might have on the secrecy of

grand jury proceedings." *Id.* at 106. The court explained that "[i]f 'certain information' includes [the attorney's] recollections of specific grand jury testimony, for example," the same particularized showing of need had to be made as is required for grand jury transcripts. *Id. Cf. Doe, Inc, I*, 481 U.S. at 115 (holding that particularized need shown where Antitrust Division made disclosure request for a summary of a portion of the grand jury record to specific civil division attorneys, who "simply wish[ ] to use the material for consultation" prior to litigation).

No less is required here. The SEC may not use the limited May 11 order to circumvent its obligation to obtain explicit permission from the Court allowing Mr. Sano to join the SEC case and (inadvertently or purposely) disclose to the SEC and others in the course of the litigation grand jury materials and information to which he had access as a Special AUSA. Nor may the SEC use the May 11 Order to circumvent its obligation to make a particularized showing of why the SEC should be given wholesale access to all grand jury material in this way.

Accordingly, Mr. Sano should be disqualified from participating in the SEC case or, at the minimum, prohibited from communicating or revealing *any* undisclosed grand jury information to the SEC or others.

**Defendants Are Entitled to Disclosure of All Grand Jury Materials**

If, and only if, the SEC meets its burden of showing a particularized need for all grand jury materials and information by having Mr. Sano join the SEC case, then defendants would be entitled to the disclosure of all grand jury materials for the very same reason the government advanced in its application. For the limited materials it sought to disclose, the government argued that there was a "particularized need" for disclosure under Rule 6(e)(3)(E)(i) "to avoid a possible injustice in another judicial proceeding." (Ex. B at 4 (citing *Douglas Oil*.)) The principle the government advanced was fairness: "Without question, it would be unfairly

June 4, 2010
Page 9

prejudicial to the SEC if it had to prepare and try its case without access to the grand jury documents, while the defendants enjoyed the benefits of those same documents." (*Id.* at 5.)

According to the SEC, no SEC attorney other than Mr. Sano had access to grand jury materials, and with the disclosure of the materials pursuant to the May 11 order, the SEC and the defendants are now operating on a level playing field. But by having Mr. Sano join its trial team, the SEC seeks an unfair advantage far worse than what the government described in its application. *See Cohen* 1981 WL 15302, at **5, 8 (noting that district court that had supervisory authority over the grand jury materials had ordered disclosure of all grand jury materials to defendants upon learning of the IRS's prior unrevealed use of grand jury materials).

The government has already suggested in its application that other witnesses testified before the grand jury, which testimonial transcripts have not been disclosed. In addition, the materials subject to grand jury testimony go far beyond actual testimony presented to the grand jury. *See, e.g., SEC* v. *Dresser Indus. Inc.*, 628 F.2d 1368, 1382 (D.C. 1980) (en banc) (Matters occurring before the grand jury includes "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."). Although defendants received a limited subset of materials subject to grand jury secrecy, we did not receive or have access to most of the grand jury materials that Mr. Sano, a key member of the prosecution team, saw and heard.[1] Such materials include, for example, all

---

[1] Throughout the criminal case, the government shielded from discovery any materials it believed it was not required to provide under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500. For example, we requested -- but the government refused to produce -- copies of subpoenas to third parties or correspondence with third parties concerning the production of documents and information concerning third parties' agreements to provide access to their files upon request. The government also denied our request for any attorney notes of proffers and interviews or any FBI notes of witness proffers and interviews of witnesses that the government did not contemplate calling at trial.

communications relating to grand jury subpoenas, as well as the identities of witnesses and FBI and attorney notes of proffers or interviews with those witnesses who were not identified to the defense. *See, e.g., In re Grand Jury Proceedings*, 851 F.2d 860, 862-63, 866-67 (6th Cir. 1988) (concluding that relevant inquiry for determining scope of Rule 6(e) is whether the coercive powers of the grand jury were used to obtain confidential information or whether the disclosure of information might tend to reveal the nature and direction of the grand jury proceeding and remanding for consideration "notes prepared by agents of the grand jury that summarize and analyze all the evidence" and memoranda of witness interviews); *see also In re Grand Jury Subpoena*, 103 F.3d 234, 238 (2d Cir. 1996) (holding that sealing order on motion to quash grand jury subpoena was proper because it may result in disclosure of the names of other witnesses and targets); *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1097 (7th Cir. 1991) (holding that FBI reports fall within Rule 6(e) where they are closely related to grand jury investigation and would disclose identities of targets and other witnesses); *Fund for Constitutional Gov't v. Nat'l Archives and Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981) (holding that investigatory reports containing the names of witnesses, quoting, summarizing or evaluating grand jury testimony, discussing the scope, focus and direction of the grand jury investigations and identifying documents the grand jury considered "fall[] within the broad reach of grand jury secrecy"); *In re Special Feb., 1975 Grand Jury*, 662 F.2d 1232, 1238 (7th Cir. 1981) (holding that attorney memoranda of out-of-court witness interviews which resulted from a grand jury subpoena were subject to 6(e) secrecy requirements), *judgment aff'd*, 463 U.S. 476 (1983); *U.S. v. Randell*, 924 F. Supp. 557, 559 (S.D.N.Y. 1996) (holding that Special Agent's report based on subpoenaed documents and grand jury testimony "was derived from grand jury material and falls within the ambit of Rule 6(e)").

June 4, 2010
Page 11

## Conclusion

We object to Mr. Sano's joining the SEC trial team, because we believe that his doing so would violate Rule 6(e). Given the SEC's stated intention to proceed, we make this application to the Court for the disqualification of Mr. Sano from the SEC trial team, or, if the SEC can make the particularized showing necessary for Mr. Sano's disclosure of grand jury information to the SEC, the disclosure to defendants of all grand jury materials not previously disclosed.

Respectfully,

Nina M. Beattie

cc: James McGovern, Esq. (by email)
John D. Worland, Esq. (by email)
Marc Weinstein, Esq. (by email)