# EXHIBIT B

Case 1:08-cr-00415-FB   Document 275-3   Filed 06/07/10   Page 2 of 11 PageID #:
3027
Case 1:08-cr-00415-FB   Document 271   Filed 02/19/10   Page 1 of 10

F.#2007R01328

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
IN THE MATTER OF THE
APPLICATION OF THE UNITED                    A P P L I C A T I O N
STATES FOR THE RELEASE OF
CERTAIN GRAND JURY MATERIALS                  Filed Under Seal
PURSUANT TO RULE 6(e) OF
THE FEDERAL RULES OF
CRIMINAL PROCEDURE.
------------------------------X

        BENTON J. CAMPBELL, United States Attorney for the

Eastern District of New York, by Assistant United States Attorney

James G. McGovern, makes this application to the Court for an ex

parte order pursuant to Federal Rule of Criminal Procedure

6(e)(3)(E)(i) permitting the disclosure of documents subpoenaed

by the grand jury and transcripts of testimony before the grand

jury to the United States Securities and Exchange Commission

("SEC") for use in SEC v. Cioffi and Tannin, 08 Civ. 2457 (FB),

an ongoing civil matter before this Court.

        In support of this application, your applicant alleges

the following:

        1.  On June 19, 2008, Ralph Cioffi ("Cioffi") and

Matthew Tannin ("Tannin"), two former Bear Stearns hedge fund

managers, were arrested on an indictment charging them with

conspiracy, securities fraud and wire fraud in connection with

their hedge funds.  Cioffi was also charged with insider trading.

The same day, the SEC filed a civil complaint alleging that

Cioffi and Tannin violated the federal securities laws.  On

November 10, 2009, a jury acquitted both defendants on all the charges contained in the indictment.   The SEC civil litigation has a status conference currently scheduled to be held before the Court on January 27, 2010.

> 2.   As alleged in the indictment, starting at least by March 2007, Cioffi and Tannin believed that their hedge funds were in grave condition and at risk of collapse.   Rather than disclosing the true state of the funds to investors and lenders, and thereby allowing for an orderly wind-down of the funds, Cioffi and Tannin agreed to make misrepresentations in an ultimately futile hope that the funds' bleak prospects would change and that their incomes and reputations would be preserved. In executing their scheme, Cioffi and Tannin misrepresented or omitted material facts in communications with investors and lenders about a variety of topics, including the financial prospects of the funds, their personal investments in the funds, the funds' investor redemption requests, the funds' liquidity, and the funds' exposure to the subprime mortgage market.

> 3.   In the course of the criminal investigation, the government obtained telephone records for Cioffi and Raymond McGarrigal, another unindicted hedge fund manager, pursuant to grand jury subpoenas (the "telephone records").   These records include the following:

> • telephone records for (917)817-1443 (Ralph Cioffi) from

01/01/2007 to 9/12/2007;

⊛   telephone records for (201) 568-2430 (Ralph Cioffi)

from 01/01/2007 to 12/14/2007;

⊛   telephone records for (845)825-2935 (Raymond

McGarrigal) from 03/20/2007 to 03/18/2008; and

⊛   telephone records for (845)357-7097 (Laura McGarrigal)

from 03/06/2008 to 03/14/2008.

4.   During the investigation, several witnesses

testified before the grand jury, including:  Warren Spector,

former co-president of The Bear Stearns Companies, Inc., Richard

Marin, former chief executive officer of Bear Stearns Asset

Management, Inc., and Adam Kugler, former treasurer of M&T Bank

and an investor in the defendants' hedge funds.  As required by

Federal Rule of Criminal Procedure 6(e)(1), a court reporter

recorded the grand jury proceedings, including the testimony of

these three witnesses.

5.   Pursuant to the Title 18, United States Code,

Section 3500, Federal Rule of Criminal Procedure 16, and an order

of this Court, the government produced millions of documents to

the defendants in the criminal matter, including the telephone

records and the transcripts of the grand jury testimony of

Spector, Marin and Kugler (together the "grand jury documents"),

several months prior to trial.

6. The government now seeks to disclose the grand jury

documents, as described in paragraphs 3 and 4, to the SEC for its

use in the ongoing civil matter.  Federal Rule of Criminal

Procedure 6(e)(3)(E)(i) authorizes a court to order disclosure of

matters occurring before a grand jury "preliminary to or in

connection with a judicial proceeding."  A party seeking

disclosure under Rule 6(e)(3)(E)(i) must show a "particularized

need" for disclosure and must show that disclosure "is needed to

avoid a possible injustice in another judicial proceeding, that

the need for disclosure is greater than the need for continued

secrecy and [that the] request is structured to cover only

material so needed."  Douglas Oil v. Petrol Stops Northwest, 441

U.S. 211 (1979).[1]

        7.   The "particularized need" standard is easily met in

this case:

        a.   First, disclosure is needed to avoid a possible

injustice in another judicial proceeding, i.e., SEC v. Cioffi and

Tannin.  Certainly, the SEC's pending litigation before the Court

meets the "judicial proceeding" element of Rule 6(e)(3)(E)(i).

See, e.g., United States v. Baggott, 463 U.S. 476 (1983)("the

[r]ule contemplates only uses related fairly directly to some

_____

        [1]   The government notes that some cases cited and
discussed in this motion concern Federal Rule of Criminal
Procedure 6(e)(3)(C)(i), which was the predecessor to Federal
Rule of Criminal Procedure 6(e)(3)(E)(i) currently at issue.

identifiable litigation, pending or anticipated"). As indicated above, the defendants have had the grand jury documents in their possession for several months. Moreover, the government believes the SEC should be able to use the grand jury documents as it prepares for trial, and should be permitted to use the grand jury documents to present its case and to confront witnesses called by the defense during the civil trial. Without question, it would be unfairly prejudicial to the SEC if it had to prepare and try its case without access to the grand jury documents, while the defendants enjoyed the benefits of those same documents.

While it may be true that the SEC could seek the grand jury documents through subpoenas or civil discovery from the defendants, that process could take months and would unnecessarily impede the SEC's preparation for trial. In contrast, allowing the government to disclose the grand jury documents to the SEC at this point should lead to a more efficient disposition of the civil case.

b. Second, the SEC's need for these materials falls within the ambit of what the Supreme Court has previously identified as examples of a "typical showing of particularized need," which have included situations where a litigant seeks to use a grand jury transcript to impeach a witness, to refresh a witness's recollection, or to test a witness's credibility. Douglas Oil Co., 441 U.S. 211; United States v. Procter & Gamble

Co., 356 U.S. 677 (1958).

c. Third, the need for disclosure here exceeds the need for continued secrecy considering that both the grand jury's investigation and the criminal case against Cioffi and Tannin have concluded. After an investigation has been concluded, "only 'institutional' concerns are implicated by disclosure." United States v. Dynavac, 6 F.3d 1407, 1412 (9th Cir. 1993). Given the nature of the criminal case and its disposition, there remain no significant "institutional" concerns militating against disclosure in this case.

Importantly, the telephone records themselves do not indicate what occurred before the grand jury. The Second Circuit has indicated that Rule 6(e)'s prohibition against disclosing "matters occurring before the grand jury" does not include records, such as the telephone records at issue here, which are sought solely "for their own sake and not to learn what took place before the grand jury . . .." DiLeo v. Commissioner, 959 F.2d 16, 19-20 (2d Cir. 1992). Consequently, disclosing the telephone records probably does not fall under Rule 6(e)'s general prohibition against disclosure. Additionally, the fact that the grand jury materials were provided to the defendants in the context of the criminal case, coupled with the fact that portions of Marin's grand jury testimony were publicly read during the criminal trial, further reduces any concerns for

6.

continued secrecy.  See In re Grand Jury Proceedings, 800 F.2d 1293, 1300 (4th Cir. 1986).

As for the grand jury transcripts, although a party still must show a particularized need, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification."  Douglas Oil, 441 U.S. at 222-23; see also United States v. Sobotka, 623 F.2d 764 (2d Cir. 1980).  Moreover, as noted above, providing the grand jury documents to the SEC would not contravene the reasons for grand jury secrecy, as recognized by the Supreme Court.  See Procter & Gamble Co., 356 U.S. at 681-82 n.6 (citing examples such as flight risk, witness and grand juror protection, etc.); see also United States v. Doe, 481 U.S. 102, 113-114 (1987)(discussing types of dangers in disclosing grand jury information for use in civil proceedings).  Finally, in determining whether disclosure is appropriate, courts have also taken into account when a proposed disclosure is being made, as here, to an independent agency acting to fulfill its mandate. SEC v. Everest Management Corp., 87 F.R.D. 100, 104, n.5 (S.D.N.Y. 1980), citing Sobotka, 623 F.2d at 767.  In sum, the government submits that an order permitting disclosure of the grand jury documents to the SEC is appropriate in this case.

WHEREFORE, the government respectfully requests the Court to enter an <u>ex parte</u> order, pursuant to Rule 6(e)(E)(i) of the Federal Rules of Criminal Procedure (a) permitting the disclosure of the grand jury documents, described in paragraphs 3 and 4 above, to the SEC for its use in connection with its ongoing litigation, <u>SEC v. Cioffi and Tannin</u>, and (b) directing that this application and the accompanying order be sealed, except permitting copies of the order to be disclosed to the extent necessary to effectuate the order.

Dated:      Brooklyn, New York
            January 21, 2010


                                          BENTON J. CAMPBELL
                                          United States Attorney
                                          Eastern District of New York



                              By:    _____
                                          James G. McGovern
                                          Assistant U.S. Attorney
                                          (718) 254-6293

F.#2007R01328

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES FOR THE RELEASE OF                    S E A L E D
CERTAIN GRAND JURY MATERIALS                 O R D E R
PURSUANT TO RULE 6(e) OF
THE FEDERAL RULES OF
CRIMINAL PROCEDURE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Upon the application of BENTON J. CAMPBELL, United

States Attorney for the Eastern District of New York, by

Assistant United States Attorney James G. McGovern, it is hereby

ORDERED, pursuant to Rule 6(e)(3)(E)(i) of the Federal

Rules of Criminal Procedure that the United States Attorney's

Office for the Eastern District of New York be permitted to

disclose items subpoenaed by a grand jury, including telephone

records and transcripts of grand jury testimony, to the United

States Securities and Exchange Commission for its use in its

ongoing litigation in SEC v. Cioffi and Tannin; and it is further

ORDERED, that the aforesaid application and this order

be sealed, except that copies of this order may be disclosed to

the extent necessary to effectuate this order.


Dated:      Brooklyn, New York
            January ____, 2010


                                    _____
                                    UNITED STATES DISTRICT JUDGE
                                    EASTERN DISTRICT OF NEW YORK