# EXHIBIT C

80 Broad Street<br>
New York, New York 10004<br>
(212) 668-1900 phone<br>
(212) 668-0315 fax<br>
www.bruneandrichard.com<br>
<br>
New York ♦ San Francisco

March 5, 2010

**VIA ECF AND EMAIL**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States* v. *Ralph Cioffi and Matthew Tannin*, 08 Cr. 0415 (FB)

Dear Judge Block:

      We write in response to the U.S. Attorney's application, initially filed under seal, for an order pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) permitting the disclosure of certain grand jury materials to the United States Securities and Exchange Commission ("SEC") for use in *SEC* v. *Cioffi and Tannin*, 08 Civ. 2457.

      The application correctly notes that certain telephone records and the transcripts of the testimony of three witnesses ("the specified items") were among the materials turned over in discovery in the criminal case *United States* v. *Cioffi and Tannin*, 08 Cr. 0415 (FB). (Application, ¶ 5.) The U.S. Attorney's Office seeks authority to turn these same specified items over to the SEC and claims that it is forced to apply to the Court because it would have taken "months and would [have] unnecessarily impede[d] the SEC's preparation for trial" for the SEC to have sought the materials from the defense. (*Id.* at ¶ 7 a.) It also claims to have made the particularized showing of "injustice" necessary under Fed. R. Crim. P. 6(e) via the assertion that it would be "unfairly prejudicial to the SEC if it had to prepare and try its case without access to the grand jury documents, while the defendants enjoyed the benefits of those same documents." (*Id.*)

      This is nonsensical. The defense has the materials and would have been prepared to turn them over voluntarily or pursuant to civil discovery, had the SEC simply asked. What is odd, though, is that during the time that the instant application remained under seal, the SEC characterized it to the defense as an application to permit Brian Sano, an SEC staff attorney who was designated as a Special Assistant United States Attorney for the criminal case, to be part of the SEC's trial team in this case. The application to Your Honor, though, does not even mention Mr. Sano.

March 5, 2010
Page 2

Why all the mystery? We are not sure. In any event, we do not object to the U.S. Attorney's Office's turning over the specified items -- the telephone records and the transcripts of the testimony of the three witnesses -- to the SEC.

Since the instant application does not raise the issue of whether Mr. Sano can properly move from Special AUSA in the criminal case to civil regulator in the civil enforcement matter, we do not here address that issue in any detail. If and when an application to permit Mr. Sano to join the SEC's trial team is filed, an application that we gather is at least under consideration, we would like the opportunity more fully to address the issue of whether granting such an application would be appropriate. To enable us better to understand the issues, including issues presented by Fed. R. Crim. P. 6(e), we would anticipate that any such application would be accompanied by an affirmation from Mr. Sano specifying what access he had to information about which grand jury subpoenas were issued, which interviews were conducted ancillary to the grand jury during the grand jury investigation of which he has knowledge, and what types of criminal investigation strategy discussions he was privy to and the like.

Respectfully submitted,

*Susan Brune / mf*

Susan E. Brune
Counsel for Matthew Tannin

*Marc Weinstein*

Marc Weinstein
Counsel for Ralph Cioffi

cc: James G. McGovern, Esq.
    John D. Worland, Jr.